IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| CUSTOM TOOL & GRINDING, INC, | Civil Action No. 2:25-CV-01126-NR-CBB |
| Plaintiff, | United States District Judge J. Nicholas Ranjan |
| vs. | United States Magistrate Judge Christopher B. Brown |
| AUTO-OWNERS INSURANCE COMPANY, | |
| Defendant, | |

**OMNIBUS MEMORANDUM OPINION AND ORDER**

## I.    Introduction

Plaintiff Custom Tool & Grinding, Inc. ("Custom Tool") initiated this action against its insurer Defendant Auto-Owners Insurance Company ("Auto-Owners") seeking coverage due to the failure of a key component to its business's manufacturing equipment.  ECF No. 1-1.  Custom Tool brings state law claims for breach of contract (Count I) and bad faith (Count II).  *Id.*  The Court has subject matter jurisdiction under 28 U.S.C. § 1332.[1]

This Opinion and Order relate to a flurry of motions (listed below) which have been filed by the Parties and relate to discovery and requests for extension of time.  Each is fully briefed and ripe for consideration.  ECF Nos. 38, 40-41, 45-46, 48-52, 54, 57, and 60.

Upon consideration of the parties' motions, the Court rules as follows:

---

[1]    Custom Tool and Auto-Owners are citizens of different states and the amount in controversy exceeds the jurisdictional threshold.  *See* ECF Nos. 2, 35.

- Defendant Auto-Owners' Motion to Vacate (ECF No. 38) is DENIED;
- Plaintiff Custom Tool's Motion to Amend Case Management Order for Expert Reports (ECF No. 40) is provisionally GRANTED;
- Plaintiff Custom Tool's Second Motion to Extend Fact Discovery Deadline (ECF No. 57) is held in abeyance pending further submissions;
- Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Experts (ECF No. 46) is DENIED as moot;
- Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Claims Adjuster Michael Rabel (ECF No. 51) is DENIED as moot;
- Defendant Auto-Owners' Motion to Compel and Strike Objections (ECF No. 54) is DENIED;
- Parties' Cross-Requests for Sanctions and Fees are DENIED.

Each Motion and the Court's corresponding ruling are addressed below.

## II.    Factual and Procedural Background

Plaintiff Custom Tool is a for-profit corporation.  ECF No. 1-1.  Plaintiff's claim centers around insurance coverage for Custom Tool's Computer Numerical Control Tool & Cutter Grinder (the "Equipment") which "unexpected[ly]" and "abrupt[ly]" failed on April 28, 2023.  *Id.* at ¶ 10.  Custom Tool brings two counts for Breach of Contract and Bad Faith against Defendant Auto-Owners.  *Id.* at ¶¶ 23-37.  Custom Tool alleges that its business operations have suffered losses from Auto-Owner's failure to indemnify it for the Equipment's breakdown.  *Id.* at ¶ 22.

The Parties began the discovery period in this case on September 9, 2025 with their Rule 26(f) Meeting.  ECF No. 10.  Per the original Case Management Order, fact discovery was set to close on February 2, 2026.  ECF No. 18.  The Court then granted the Parties' request for an extension of time to complete fact discovery until February 17, 2026.  ECF No. 31.  On April 1, 2026 – six weeks after the close of discovery – the Court granted Custom Tool's *nunc pro tunc* Motion for an

extension of time to complete fact discovery, giving the Parties until June 1, 2026. ECF No. 37.

Custom Tool's Motion stated it needed additional time for discovery because it had learned "additional facts and issues … that were previously unknown or unclear" during the Parties' February 19, 2026 mediation which occurred after the close of fact discovery.  ECF No. 36.  The current disputes regarding discovery and extensions of time center around Auto-Owners' contention that no new information was learned during the mediation, and that Custom Tool misled the Court to receive the extension.  ECF No. 38.

## III.    Discussion

### a.  Defendant Auto-Owners' Motion to Vacate (ECF No. 38)

Defendant Auto-Owners filed a Motion to Vacate the Court's Order extending fact discovery.  ECF No. 38.  The Court held a Conference with the Parties on April 9, 2026 to discuss the Motion.  ECF No. 39.  In the Conference, Court held the Motion to Vacate in abeyance, but included in the Minute Entry Order that "[t]he deadline to complete fact discovery remains 6/1/2026."  ECF No. 41.  After due consideration, the Motion to Vacate is DENIED.

Plaintiff Custom Tool filed the Motion to Extend the Deadline to Complete Fact Discovery on March 31, 2026.  ECF No. 36.  Custom Tool stated it needed additional time for fact discovery because it learned new facts and issues during the Parties' February 19, 2026 mediation, and that it would need to investigate these new facts to "adequately prepare this matter for trial or further settlement discussions." *Id*. at 2.  Since the February 19, 2026 mediation occurred two days

after the February 17, 2026 close of fact discovery, Custom Tool said that it could not have moved for this extension prior to the close of fact discovery. *Id.* The Court granted the Motion and extended fact discovery until June 1, 2026. ECF No. 37.

Auto-Owners' Motion to Vacate argues the fact discovery deadline should not have been extended because Custom Tool made "false, incomplete, and misleading" statements to the Court. ECF No. 37 at 4-7. Auto-Owners says no new facts were discovered during the mediation, and Custom Tool had not been diligent with discovery. *Id.* Auto-Owners argues there is no good cause or excusable neglect under Federal Rules of Civil Procedure 16(b) or 6(b) to extend the deadline. *Id.*

The Court stands by its initial Order as there was good cause and excusable neglect sufficient to extend the discovery deadline. Under Federal Rule of Civil Procedure 16(b)(4), a schedule may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). *See also In re Chocolate Confectionary Antitrust Litigation,* No. 1:08-MDL-1935, 2013 WL 3873225, at *2 (M.D. Pa. July 25, 2013) ("[The authority to modify a scheduling order under Rule 16(b)(4)] extends to requests to reopen discovery"). "[T]he existence of 'good cause' turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension' and (3) any other factors the trial court, in its discretion, determines to be relevant." *Wilson v. TA Operating*, LLC, No. 4:14-cv-00771, 2016 WL 4974966, at *1 (M.D. Pa. June 14, 2016). "In the context of requests to extend deadlines, courts have defined 'good

cause' to include 'circumstances beyond the control' of a party." *Courtney v. Ivanov,* No. 3:13-227, 2016 WL 1367755, at \*2 (W.D. Pa. Apr. 6, 2016).

The Court finds there was good cause shown under Rule 16(b)(4) because Custom Tool represented it learned "additional facts and issues … that were previously unknown or unclear" during the mediation, which occurred after fact discovery had already closed. *See, e.g., In re Paulsboro Derailment Cases*, No. 13-784, 2015 WL 6163951, at \*1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts . . . after expiration of the relevant . . . deadline").

The Court declines to engage in drawn-out litigation over whether, as Auto-Owners suggests, Custom Tool made false statements to the Court to receive this sixty-day discovery extension. The Court notes that while Auto-Owners' Motion to Vacate is replete with allegations that Custom Tool misled the Court, at no point does Auto-Owners say that it is harmed or prejudiced by the sixty-day extension. *See generally* ECF No. 37. *See also Boyington v. Percheron Field Servs., LLC,* No. 3:14-CV-90, 2017 WL 5633171, at \*3 (W.D. Pa. Nov. 21, 2017) (permitting amendment of the scheduling order where defendant suffered "little prejudice from this limited request for the extension of discovery").

Additionally, under Federal Rule of Civil Procedure 6(b)(1)(b)[2], when a motion for an extension is made after the time has expired, as is the case here, the

---

[2]     There is an "open question" about which rule applies in this situation. *See Philadelphia Indem. Ins. Co. v. Dreamershop Trade Ltd.*, No. 2:24-CV-1569, 2025 WL 1506236, at \*1 (W.D. Pa. May 27, 2025) (*comparing CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 124 n.5 (3d Cir.

Court may extend the deadline for "good cause" and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). An analysis of excusable neglect includes consideration of (1) the danger of prejudice to the opposing party; (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of" the moving party, and (4) whether the movant acted in good faith. *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 196 (3d Cir. 2000) (quoting *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Court has already found "good cause," and also finds there was "excusable neglect" here under Rule 6(b)(1). To repeat, Auto-Owners itself does not argue it was prejudiced by this extension. *See generally* ECF No. 38. Furthermore, at the time Custom Tool requested the extension, summary judgment deadlines had not been set and the Motion for Judgment on the Pleadings was still pending, so there was minimal impact on judicial proceedings. The reason for the delay was because Custom Tool learned "facts and issues" which "were previously unknown or unclear," which the Court accepts and notes did not occur until after fact discovery closed. ECF No. 36 at 2. Finally, the Court finds no reason to discredit Plaintiff's assertions in order to find, as Auto-Owners' wishes, that it acted in bad faith.

---

2015) ("[T]he primary relief sought was the reopening of the discovery period, which would have allowed CS to serve the newly discovered evidence and explore it further. That demand places the motion squarely within the ambit of Rule 16(b).") *with Aikens v. Jefferson Cnty.*, No. 19-81, 2020 WL 1493495, at *2 n.3 (W.D. Pa. Mar. 27, 2020) ("Rule 6 governs the time periods set by the Federal Rules themselves, not by the Court.... Thus, the Rule 6 'excusable neglect' standard does not apply here.").

Therefore, Auto-Owners' Motion to Vacate the Court's Order extending fact discovery is DENIED.

### b. Plaintiff Custom Tool's Motion for Extensions of Time for Expert Reports (ECF No. 40) and Fact Discovery (ECF No. 57)

Plaintiff Custom Tool filed two additional motions for extensions of time on expert reports (ECF No. 40) and fact discovery (ECF No. 57). These are addressed in turn.

Custom Tool's Motions are governed by Federal Rule of Civil Procedure 16(b), which permits the court to modify a scheduling order "only for good cause." Fed. R.Civ. P. 16(b)(4). *See also Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.,* 785 F.3d 96, 102 (3d Cir. 2015). "As a general rule, 'matters of docket control and conduct of discovery are committed to the sound discretion of the district court.'" *McGoveran v. Amazon Web Servs., Inc.*, No. 24-3215, 2026 WL 1294448, at *3 (3d Cir. May 12, 2026) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)).

Good cause "requires the moving party to show he pursued discovery with 'due diligence.'" *Fakla v. Geist*, No. 24-2610, 2025 WL 1983940, at *3 (3d Cir. July 17, 2025), *cert. denied*, 146 S. Ct. 990 (2025) (quoting *Race Tires Am., Inc. v. Hoosier Racing Tires Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). *See also Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,* No. 09-290, 2013 WL 772698, at *2 (W.D. Pa. Feb. 28, 2013) ("To establish good cause, a party must demonstrate that they acted diligently"). For expert discovery specifically, "[u]nder Rule 26, a party must make expert disclosures at the times and in the sequence that the court orders."

*Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. 25-1455, 2026 WL 661902, at *2 (3d Cir. Mar. 9, 2026) (citing Fed. R. Civ. P. 26(a)(2)(D)).

### i.  Plaintiff Custom Tool's Motion to Amend Case Management Order for Expert Reports (ECF No. 40)

Immediately following the Court's conference regarding Custom Tool's motion to extend fact discovery on April 9, 2026, Custom Tool filed a second motion to amend the case management order for expert reports.  ECF No. 40.  Custom Tool asks to extend the expert report deadline until June 1, 2026, and did so after their deadline to submit expert reports had passed on March 16, 2026.  *Id.*  Defendant Auto-Owners vehemently opposes, and notes that it previously produced its expert reports by the required deadlines set forth in the Court's Amended Case Management Order.  ECF No. 45.  Under the Amended Case Management Order, Plaintiff's Expert Reports were due March 16, 2026, Defendant's Expert Reports were due April 15, 2026, and all depositions of experts were to be completed by May 15, 2026.  ECF No. 31.  Given the motion, it is clear that Plaintiff's expert report has not been disclosed to Defendant and no expert depositions have occurred.

By failing to meet the Court Ordered deadline, Custom Tool's Motion to Amend the Case Management Order for Expert Reports asks the Court to flip the previously Court-Ordered sequence for expert discovery such that Defendant made its disclosure first rather than second.

Given these circumstances and for good cause shown, the Court will provisionally grant an extension of time to conduct expert discovery but only under the following strict conditions:

- Within 14 days of the date of this Order, on or before **July 8, 2026**, Plaintiff shall file notice with the Court the name of its expert(s) and the date they were retained;

- 14 days thereafter, on or before **July 22, 2026**, Plaintiff shall produce its expert report(s) to Defendant Auto Owners;

- Upon production of Plaintiff's expert report(s), and if needed, Defendant Auto Owners is permitted to serve a revised expert report on Plaintiff on or before **August 19, 2026**.  In the event the Defendant Auto Owners' expert(s) reviews Plaintiff's expert report and/or needs to revise its report(s), then counsel for Plaintiff shall pay the fees and costs associated with time Defendant's expert(s) spends doing the review and revision.  Defendant shall file an appropriate motion at that time regarding fees and costs;

- No rebuttal expert report shall be permitted by Plaintiff; AND

- Depositions of all experts shall be completed on or before **September 16, 2026**.  During said depositions, Defendant's counsel shall be permitted to depose all expert witnesses *first* should counsel for Defendant choose to do so.

- In the event Plaintiff does not proceed as set forth above, then expert discovery is closed effective the date previously set forth in ECF No. 31.

### ii. Plaintiff Custom Tool's Second Motion to Extend Fact Discovery Deadline (ECF No. 57)

In addition to extending the expert discovery deadlines, Plaintiff Custom Tool again moves to extend the fact discovery deadline for a third time.  ECF No. 57.[3]  It argues it needs either 60 or 90 additional days to complete discovery.  *Id.* at 12. Auto-Owners opposes.  ECF No. 60.

Custom Tool's Second Motion to Extend the Fact Discovery Deadline is held in abeyance pending submission of the following:

---

[3]     The Court notes that to properly move for an extension of time, Plaintiff Custom Tool should have filed this as separate motion instead of as an add-on to a response to Auto-Owners' discovery motions.  Local Rule 5.1(F).  The Court will nonetheless address it here.

- On or before **July 8, 2026**, Plaintiff shall file with the Court a list, line-by-line, of what fact discovery has been completed to date as well as what fact discovery remains.

- Based on this list, and specifically related to what fact discovery remains outstanding, Plaintiff shall file with the Court on or before **July 8, 2026**, the following:

  o The actual notices of fact depositions that remain outstanding;

  o The actual interrogatories that remain outstanding;

  o All requests for production of documents and/or tangible things that remain outstanding;

  o The actual requests for admission that remain outstanding;

  o The estimated time frame needed to complete each; AND

  o A succinct explanation why each has not been completed to date.

- In the event Plaintiff does not proceed as set forth above, then fact discovery is closed effective the date previously set forth in ECF No. 37.

As a reminder, all of the proposed discovery requests should comply with the Federal Rules of Civil Procedure and seek only relevant, non-privileged materials. Fed. R. Civ. P. 26. Upon receipt of the above, the Court will review and determine whether the request to further extend the fact deadline for any or all shall be granted or denied. The Court will not entertain any merits-based objections to Plaintiff's proposed discovery requests at this time, and any such objections may be raised at the appropriate juncture, *i.e.* after the Court's adjudication of Plaintiff's July 8, 2026 submission.

Should the Court decide to extend the fact discovery deadline, it will run concurrent with the expert discovery schedule set forth above.

**c. Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Experts (ECF No. 46) & Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Claims Adjuster Michael Rabel (ECF No. 51)**

The Court next considers Auto-Owners' Motions to Quash. Defendant Auto-Owners moves to quash Plaintiff Custom Tool's subpoenas directed to its three expert witnesses Tony Spaldon, Rodney Eckhoff, and Wayne Taylor (ECF No. 46), and to its Claims Adjuster Michael Rabel. ECF No. 51. The Court need not consider Defendant's arguments about proper service or the content of the subpoenas (ECF Nos. 46, 49, 51, 60), nor Custom Tool's arguments in response (ECF Nos. 48, 57), because these Motions are MOOT in light of the Court's Orders above.

First, the Court has already extended the expert discovery schedule and any future expert depositions shall be completed in accordance with the schedule previously provided by this Court. Likewise, the extension for the fact discovery deadline is currently being held in abeyance. Should the Court ultimately grant the extension of fact discovery and allow additional fact depositions, they will be permitted via the Court's Order.

**d. Defendants Auto-Owners' Motion to Compel and Strike Objections (ECF No. 54)**

Defendant Auto-Owners moves to compel and strike objections to two of its interrogatories. ECF No. 54. *See also* ECF No. 60. Custom Tool opposes the motion. ECF No. 57. Auto-Owners' Motion is DENIED.

The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26(b).

11

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501.  The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly.  *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

Federal Rule of Civil Procedure 34 requires a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to.  The burden is upon the party objecting to discovery to state the grounds for the objection with specificity.  Fed.R.Civ.P. 34(b)(2); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996).  "Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26.  *Momah*, 164 F.R.D. at 417.  Then, the party opposing discovery must convince the court why discovery should not be had.  *Id.* (citing *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

Federal Rule of Civil Procedure 37 also allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure.  "The party seeking the order to compel must demonstrate the relevance of the information sought.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery."  *Option One Mortgage Corp. v. Fitzgerald*, Civil No. 3:07-1877, 2009 WL 648986 at *2 (M.D. Pa. Mar.11, 2009).

Auto-Owners served two interrogatory questions to Custom Tool asking what "newly discovered facts and issues" Custom Tool discovered during the mediation. ECF No. 54. As stated above, the basis of Custom Tool's Motion to Extend Fact Discovery (ECF No. 36) was that "additional facts and issues … that were previously unknown or unclear" to Plaintiff's came to light during the mediation.

The Court has already granted Custom Tool's initial request to extend fact discovery, ECF No. 37, reiterated that discovery would end June 1, 2026 during the April 9, 2026 Conference, ECF No. 41, and has denied Auto-Owners' Motion to Vacate. Auto-Owners has already stated its position regarding the fact discovery extension in extensive briefing and during the April 9 Conference. Auto-Owners has continued to reiterate its position in each of its briefs related to discovery. *See* ECF No. 45 at 1-2; ECF No. 46 at 2-3; ECF No. 51 at 3; ECF No. 60 at 1. Auto-Owners admits that its interrogatories are an attempt to continue to litigate this issue. ECF No. 54 at 1-3.

The Court finds that these two interrogatories about mediation are not relevant to the present dispute involving insurance coverage for Custom Tool's Equipment and the claims for breach of contract and bad faith. *Fenton v. Henderson*, No. CV 19-1692-RGA, 2023 WL 2734322, at *5 (D. Del. Mar. 31, 2023) (denying motion to compel responses to interrogatories because they were irrelevant to the claims in the case). Therefore, Auto-Owners' Motion to Compel and Strike Objections is DENIED.

13

### e. Parties' Cross-Requests for Sanctions and Fees

At various times in their discovery briefing, both Parties have requested sanctions and attorney's fees against the other. ECF No. 46 at 8-9; ECF No. 48 at 5; ECF No. 51 at 8; ECF No. 54 at 3. These requests for sanctions and fees are DENIED.

The Parties included these requests for sanctions and fees in passing and embedded into longer briefs regarding the discovery disputes. *Id.* Neither party properly moved for sanctions or fees because they did not file them as separate motions. *See* Local Rule 5.1(F). *See also In re Complaint of PMD Enterprises, Inc.* 301 F.3d 147, 152 (3d Cir.2002) (denying request for sanctions in context of Fed. R. App. P. 38, because "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice."); *Grey v. Johansson*, No. CV 15-2479, 2016 WL 1613804, at \*8 (E.D. Pa. Apr. 22, 2016) (denying request for sanctions under Rule 11 because it was not filed as a separate motion). Regardless, the Court is not inclined to grant any motions for sanctions regarding this dispute.

Therefore, the Parties' cross-requests for sanctions and fees are DENIED.

## IV. Conclusion

As set forth above:

- Defendant Auto-Owners' Motion to Vacate (ECF No. 38) is DENIED;
- Plaintiff Custom Tool's Motion to Amend Case Management Order for Expert Reports (ECF No. 40) is provisionally GRANTED;
- Plaintiff Custom Tool's Second Motion to Extend Fact Discovery Deadline (ECF No. 57) is held in abeyance pending further submissions;
- Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Experts (ECF No. 46) is DENIED as moot;

14

- Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Claims Adjuster Michael Rabel (ECF No. 51) is DENIED as moot;

- Defendant Auto-Owners' Motion to Compel and Strike Objections (ECF No. 54) is DENIED;

- Parties' Cross-Requests for Sanctions and Fees are DENIED.


DATED this 24th day of June, 2026

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge



CC:   Hon. J. Nicholas Ranjan
United States District Judge

All counsel of record, *via ECF*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

CUSTOM TOOL & GRINDING, INC,

        Plaintiff,

    vs.

AUTO-OWNERS INSURANCE
COMPANY,

        Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:25-CV-01126-NR-CBB

United States District Judge
J. Nicholas Ranjan

United States Magistrate Judge
Christopher B. Brown

**ORDER**

AND NOW, this 24th day of June, 2026, for the reasons set forth in the

accompanied Memorandum Opinion, it is HEREBY ORDERED as follows:

- Defendant Auto-Owners' Motion to Vacate (ECF No. 38) is DENIED;

- Plaintiff Custom Tool's Motion to Amend Case Management Order for Expert Reports (ECF No. 40) is provisionally GRANTED according to the provisions set forth in the Memorandum Opinion;

- Plaintiff Custom Tool's Second Motion to Extend Fact Discovery Deadline (ECF No. 57) is held in abeyance pending further submissions as set forth in the Memorandum Opinion;

- Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Experts (ECF No. 46) is DENIED as moot;

- Defendant Auto-Owners' Motion to Quash Subpoenas Duces Tecum Directed at its Claims Adjuster Michael Rabel (ECF No. 51) is DENIED as moot;

- Defendant Auto-Owners' Motion to Compel and Strike Objections (ECF No. 54) is DENIED;

- Parties' Cross-Requests for Sanctions and Fees are DENIED.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

16